UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RAUL ESTELA,                                          **DECISION AND ORDER**

               Plaintiff,                          6:20-CV-06510 EAW

      v.

ROCHESTER REGIONAL HEALTH,
ELAINE CLARK, KATHERINE
STEWART, PAUL STAUB, CHASE
BUTTACCIO,

               Defendants.

## <u>INTRODUCTION</u>

*Pro se* plaintiff Raul Estela ("Plaintiff") brings this action against defendants Rochester Regional Health ("RRH"), Elaine Clark ("Clark"), Katherine Stewart ("Stewart"), Paul Staub ("Staub"), and Chase Buttaccio ("Buttaccio") (collectively "Defendants"), asserting discrimination on the basis of race, color, sex, religion, age, disability, and military service, as well as retaliation. (Dkt. 1). Plaintiff also seeks leave to proceed *in forma pauperis* and has submitted an affirmation of poverty in support of that request. (Dkt. 2).

Plaintiff has met the statutory requirements for *in forma pauperis* status, and therefore permission to proceed *in forma pauperis* is granted. The Court has reviewed Plaintiff's claims as required by 28 U.S.C. § 1915(e)(2) and determines that they must be dismissed, with leave to replead.

## BACKGROUND

The following facts are taken from Plaintiff's complaint.  (Dkt. 1).  As required at this stage of the proceedings, the Court treats Plaintiff's allegations as true.

Plaintiff is male and was born in 1985.  (Dkt. 1 at 10).  He describes his race/color as "Puerto Rico/White."  (*Id*.).  Plaintiff has "several disabilities" resulting from his military service.  (*Id*.).

Plaintiff was hired by RRH as a security officer on March 7, 2016.  (*Id*. at 11).  Plaintiff never had any disciplinary notices, write-ups, or negative performance evaluations, and had the "fastest promotion" to the rank of sergeant.  (*Id*.).

On February 13, 2019, Plaintiff was called into Clark's office in the human resources department at RRH.  (*Id*. at 13).  Stewart, the security manager, was also present.  (*Id*.).  Clark told Plaintiff she wanted to go over a complaint made by a staff member, and that it would be a "friendly sit down discussion[.]"  (*Id*.).  Clark then stated that the complaint was about "a black man being choked."  (*Id*. (internal quotation marks omitted)).  Plaintiff states that Clark was referring to an incident on February 11, 2019, when a "very violent patient" threatened staff, causing security to be called.  (*Id*.).  Plaintiff attempted to speak to the patient to deescalate the situation, but the patient tried to assault one of the guards present.  (*Id*.).

Plaintiff asked Clark if the patient had made the complaint, and Clark became angry.  (*Id*.).  She asked plaintiff "interrogation questions," causing him to feel like he "was being persecuted."  (*Id*.).  Plaintiff knew that the patient in question had not complained, because after the patient was restrained and medicated, he apologized to Plaintiff.  (*Id*.).

Clark would not allow Plaintiff to speak, because she was "focused on trying to have positive confrontation toward" Plaintiff. (*Id.*). Clark was "basing all her questions, and personal feelings off a picture that was emailed to her." (*Id.*). She said several times that Plaintiff had "assaulted a Black man by choking him out completely." (*Id.* (internal quotation marks omitted)). Clark further stated that she had watched the video of the restraint and that Plaintiff had caused the patient pain. (*Id.*). Plaintiff told Clark that the incident did not happen the way that she thought it did and that the patient had not complained. (*Id.*). He asked Clark if she had spoken to the patient and she stated that she had not. (*Id.*).

Clark was sarcastic towards Plaintiff and asked him how old he was and what his experience level was, but then told him that it didn't matter. (*Id.*). Clark told Plaintiff that she was the Director of Human Resources and that "nothing gets pass [sic] her." (*Id.*). Clark also brought up other patient complaints that had been investigated and deemed not founded. (*Id.*). Stewart was present for the entire meeting, but "never spoke a word" and "a few times she was looking towards her cell phone." (*Id.*).

On February 21, 2019, Plaintiff was "let go" from his employment at RRH. (*Id.* at 10). He was told that it was because he had "retaliated against an officer on [his] day off." (*Id.*).

In addition to the incident detailed above, Plaintiff has asserted the following: (1) Clark made a "derogatory statement" about his military veteran status, age, race/color, and sex on February 13, 2019, at approximately 5:00 p.m.; (2) Stewart retaliated against Plaintiff after the February 13th meeting, because Plaintiff "had complaint [sic] against

HR, and Chase Buttaccio"; (3) Clark retaliated against Plaintiff after the February 13th meeting, because Plaintiff complained to Clark's supervisors about her "interview questions tactics"; (4) Stewart and Staub retaliated against Plaintiff because he "asked about promotion pay Dec 24 [sic]"; (5) Stewart made "religious remarks" on February 14th at 5:20 p.m.; and (6) Buttaccio made an unspecified "statement" about Plaintiff, "which is retaliation because of the events/results[.]" (*Id.* at 5).

## DISCUSSION

### I.  Standard of Review

"Section 1915 requires the Court to conduct an initial screening of complaints filed by civil litigants proceeding *in forma pauperis*, to ensure that the case goes forward only if it meets certain requirements." *Guess v. Jahromi*, No. 6:17-CV-06121(MAT), 2017 WL 1063474, at *2 (W.D.N.Y. Mar. 21, 2017), *reconsideration denied*, 2017 WL 1489142 (W.D.N.Y. Apr. 26, 2017).  In evaluating the complaint, a court must accept as true all of the plaintiff's factual allegations and must draw all inferences in the plaintiff's favor. *See, e.g.*, *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003).  Upon conducting this initial screening, a court must dismiss the case pursuant to § 1915(e)(2)(B) "if the [c]ourt determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Eckert v. Schroeder, Joseph & Assocs.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005).

## II.   <u>Plaintiff's Claims</u>

As noted above, Plaintiff asserts that he was discriminated against on the basis of his age, race/color, religion, sex, disability, and military service.   Plaintiff also asserts retaliation.   The Court considers the viability of each of these claims below.

### A.   Race/Color, Sex, and Religious Discrimination Claims

Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. 2000e *et seq*. ("Title VII") and the New York State Human Rights Law ("NYSHRL"), New York Executive Law § 290, *et seq*., prohibit an employer from discriminating on the basis of race, sex, and religion.   To assert a viable Title VII discrimination claim, "a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015).   A plaintiff may adequately plead [the] second element by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id*. (quotation omitted).   "[T]he standards for recovery under the NYSHRL are the same as the federal standards under Title VII." *Ayyaz v. City of New York*, No. 19-CV-01412-LTS-SN, 2021 WL 1225684, at *7 (S.D.N.Y. Mar. 31, 2021) (original alterations omitted).

Here, Plaintiff has not plausibly alleged that his race, sex, or religion was a motivating factor in the termination of his employment, or any other adverse employment action.   While Plaintiff makes the conclusory allegations that Clark made a "derogatory statement" about his race/color and his sex and that Stewart made "religious remarks" (Dkt.

1 at 5), he was failed to provide any additional information regarding the content or context of those alleged statements.  Conclusory allegations such as these do not "give rise to a plausible inference of" discrimination.  *Rowe v. New York State Dep't of Tax'n & Fin*., 786 F. App'x 302, 305 (2d Cir. 2019).  Accordingly, the Court dismisses Plaintiff's claims for race/color, sex, and religious discrimination with leave to replead, as discussed further below.

### B.    Age Discrimination Claims

The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the NYSHRL prohibit an employer from discriminating on the basis of age. "Under the ADEA and NYSHRL, a prima facie case of age discrimination consists of four elements: (1) the plaintiff's membership in a protected class; (2) the plaintiff's qualification for a particular position of employment; (3) an adverse employment action by the defendant employer; and (4) some minimal evidence suggesting an inference that the employer acted with discriminatory motivation." *Lebowitz v. New York City Dep't of Educ.*, 407 F. Supp. 3d 158, 170 (E.D.N.Y. 2017).  The ADEA "limits the protected class to those who are 40 or older." *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 78 (2d Cir. 2005) (citation omitted). However, the NYSHRL does "not limit the protected class to those over 40." *Naftchi v. New York Univ.*, 14 F. Supp. 2d 473, 479 n. 53 (S.D.N.Y. 1998).

Plaintiff was born in 1985 and was 34 years old at the time of the events described in the complaint.  He accordingly cannot demonstrate that he falls within a protected class for purposes of the ADEA, and his ADEA claim must be dismissed with prejudice.

Plaintiff has also not plausibly alleged an age discrimination claim under the NYSHRL.   While he claims that Clark asked him how old he was and how much experience he had at the meeting on February 13, 2019, he has not alleged any facts tying that inquiry to any adverse employment action.   To the contrary, he expressly goes on to state that Clark told him it did not matter how old or experienced he was.   Further, Plaintiff has not alleged that it was Clark who made the determination to fire him.   On these allegations, Plaintiff's NYSHRL age discrimination claim must be dismissed, with leave to replead.

### C.      Disability Discrimination Claims

Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), and the NYSHRL prohibit employment discrimination on the basis of disability. "New York State disability discrimination claims are governed by the same legal standards as federal ADA claims." *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 117 n.1 (2d Cir. 2004).  "A prima facie case of discrimination pursuant to the ADA requires a plaintiff to show that: (1) the employer is subject to the ADA; (2) the plaintiff was disabled within the meaning of the ADA; (3) the plaintiff was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) the plaintiff suffered an adverse employment action because of the disability." *Mehmeti v. Jofaz Transportation, Inc.*, No. 16-CV-7085 (WFK)(LB), 2017 WL 908192, at *2 (E.D.N.Y. Mar. 7, 2017).

Plaintiff has not plausibly alleged disability discrimination.   First, he has not plausibly alleged that he is disabled as defined in either the ADA or the NYSHRL, as he

only vaguely asserts that he has "several disabilities." (Dkt. 1 at 10).  Second, Plaintiff affirmatively alleges that (1) he disclosed his disability to RRH on his date of hire, (2) he first asked for reasonable accommodation of his disability in November and December of 2019, (3) RRH provided him the reasonable accommodations of "letting [him] work in dispatch, a seated fixed position," and (4) these reasonable accommodations were effective. (*Id*. at 5-6).  Plaintiff has simply alleged no facts from which an inference of discrimination on the basis of disability could be drawn.  Accordingly, his disability discrimination claims are dismissed, with leave to replead.

### D.    Military Status Discrimination Claims

The Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S. § 4301 *et seq.*, and the NYSHRL prohibit employment discrimination on the basis of military service.  "An employer engages in a prohibited act under USERRA if the person's membership in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership." *Lovell v. Consol. Edison of New York, Inc*., No. 14-CV-7592 CBA, 2015 WL 2250374, at *4 (E.D.N.Y. May 11, 2015).  The same standard applies for claims of military service discrimination under the NYSHRL. *Id*. at *5.

Plaintiff's claims of military service discrimination are entirely conclusory. Plaintiff asserts that Clark made a "derogatory statement" about his "military veteran status" (Dkt. 1 at 5), but provides no additional information regarding the content or context

of that statement.  These allegations are insufficient to allow his military discrimination claims to continue, and they are accordingly dismissed, with leave to replead.

### E.    Retaliation Claims

All of the federal statutes discussed above and the NYSHRL prohibit retaliation for engaging in protected activity.  "To state a *prima facie* claim for retaliation under all the relevant statutes, plaintiff must show . . . [1] participation in a protected activity known to the defendant; [2] an employment action disadvantaging the plaintiff; and [3] a causal connection between the protected activity and the adverse employment action."  *Riisna v. Am. Broad. Companies, Inc.*, 219 F. Supp. 2d 568, 571 (S.D.N.Y. 2002).  Protected activity "covers a broad range of actions taken to oppose or protest discrimination, including complaints to management, writing letters of complaint or criticism, and expressing support for oppressed coworkers."  *Marcus v. Barilla Am. NY, Inc.*, 14 F. Supp. 3d 108, 115 (W.D.N.Y. 2014).  However, a complaint does not constitute protected activity unless "the employee has a good faith, reasonable belief that the underlying challenged actions of the employer violated the law," and "implicit in the requirement that the employer have been aware of the protected activity is the requirement that it understood, or could reasonably have understood, that the plaintiff's opposition was directed at" unlawful discrimination.  *Guzman v. City of New York*, 93 F. Supp. 3d 248, 262 (S.D.N.Y. 2015) (citations omitted).

Here, Plaintiff has not plausibly alleged that he engaged in protected activity or that RRH could have reasonably understood him to have engaged in protected activity.  Plaintiff asserts that he filed complaints after the meeting on February 13, 2019, but the only

information he provides about the content of those complaints is that he complained about Clark's interrogation techniques.  (Dkt. 1 at 5).  Plaintiff further asserts without elaboration that he complained about not getting a pay raise in December of an unspecified year and that, in his role as a supervisor, he had "referred previous employees to file discrimination paperwork."  (*Id.* at 5, 10).  These sparse allegations are insufficient to raise a plausible inference that Plaintiff had a good faith, reasonable belief that he was complaining about unlawful discrimination, or that RRH could have reasonably understood him to be making such a complaint.  The Court accordingly will dismiss Plaintiff's retaliation claims, but will afford him an opportunity to amend.

### F.    Title VII, ADEA, and ADA Claims Against Individual Defendants

Individual defendants are not considered employers under Title VII, the ADEA, the ADA and accordingly cannot be sued for employment discrimination or retaliation thereunder.[1]  *See Lore v. City of Syracuse,* 670 F.3d 127, 169 (2d Cir. 2012) ("Title VII does not impose liability on individuals"); *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (no individual liability under Title I of the ADA); *Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002) ("the ADEA precludes individual liability").   Accordingly, Plaintiff cannot maintain a viable claim against the individual defendants under any of

---

[1]    The NYSHRL and USERRA allow for individual liability under certain circumstances.  *See Croft v. Vill. of Newark*, 35 F. Supp. 3d 359, 368 (W.D.N.Y. 2014) (individual managers and supervisors may be employers under USERRA); *Ahmad v. NYC Health and Hospitals Corp.*, No. 20 CIV. 675 (PAE), 2021 WL 1225875, at *13 (S.D.N.Y. Mar. 31, 2021) (the NYSHRL allows for individual liability "where the individual defendant is considered an 'employer,' or aided and abetted the unlawful discriminatory acts of others" (citation omitted)).

these statutes, and his claims against the individual defendants based thereon must be dismissed with prejudice.

### III.   Leave to Amend Complaint

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (internal quotation marks omitted). However, leave to amend pleadings is properly denied where amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

Here, for the reasons set forth above, Plaintiff cannot plausibly assert the following claims: (1) an age discrimination claim under the ADEA; and (2) claims against the individual defendants under Title VII, the ADEA, and the ADA. Accordingly, those claims are dismissed with prejudice and without leave to replead. However, the Court will afford Plaintiff an opportunity to amend his remaining claims to attempt to state a plausible cause of action.

Plaintiff may file an amended complaint consistent with this Decision and Order **within 45 days of entry of this Order**. Plaintiff is not required to file an amended

- 11 -

complaint—but if he fails to do so, this action will be dismissed pursuant to 28 U.S.C.
§ 1915(e)(2)(B).

Plaintiff is advised that an amended complaint is intended to completely replace the
prior complaint in the action, and thus it "renders [the original complaint] of no legal
effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore,
Plaintiff's amended complaint must include all necessary allegations so that it may stand
alone as the sole complaint in the action.

## CONCLUSION

For the reasons set forth above, the Court dismisses Plaintiff's age discrimination
claim under the ADEA and claims against the individual defendants under Title VII, the
ADEA, and the ADA with prejudice. All of Plaintiff's other claims are dismissed without
prejudice. Further, Plaintiff is granted leave to file an amended complaint consistent with
this Decision and Order.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff's motion to proceed *in forma pauperis*
(Dkt. 2) is granted; and it is further

ORDERED that Plaintiff's age discrimination claim under the ADEA and claims
against the individual defendants under Title VII, the ADEA, and the ADA are dismissed
with prejudice; and it is further

ORDERED that all of Plaintiff's other claims are dismissed without prejudice;

ORDERED that Plaintiff will be provided an opportunity to file an amended complaint within 45 days of entry of this Order consistent with this Decision and Order; and it is further

ORDERED that the Clerk of Court is directed to mail to Plaintiff a copy of this Decision and Order, a blank complaint form for use in the non-prisoner context, and the instructions for filing an amended complaint; and it is further

ORDERED that if Plaintiff fails to file an amended complaint **within 45 days of entry of this Order** the Clerk of Court is directed to dismiss the complaint with prejudice without further action of the Court; and it is further

ORDERED, that in the event the complaint is dismissed because an amended complaint has not been filed, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:       April 12, 2021
             Rochester, New York

- 13 -